NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LONNIE TOFSRUD, an individual,

Plaintiff-Appellant,

v.

CITY OF SPOKANE, a municipal corporation in the State of Washington; et al.,

Defendants-Appellees.

No.   21-35450

D.C. No. 2:19-cv-00371-RMP

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Argued and Submitted April 15, 2022
Seattle, Washington

Before:  HAWKINS and FORREST, Circuit Judges, and RESTANI,[**] Judge.

Lonnie Tofsrud, a detective with the Spokane Police Department, appeals the district court's adverse grant of summary judgment on his claims for First Amendment retaliation and state law defamation.  We have jurisdiction under 28

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

U.S.C. § 1291. Reviewing the summary judgment grant de novo, *Barone v. City of Springfield*, 902 F.3d 1091, 1097 (9th Cir. 2018), we affirm.

1.     Summary judgment was proper on Tofsrud's First Amendment retaliation claim because he failed to show that he spoke as a private citizen when he approached the prosecuting attorney about the arrest of his confidential informant ("CI"). *See Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1259 (9th Cir. 2016). The "practical" inquiry into Tofsrud's duties and the circumstances of his speech reveals that he spoke as a public employee. *See Garcetti v. Ceballos*, 547 U.S. 410, 424 (2006). His role as a detective involved collaboration with the prosecution, and the conversation at issue was one of a series between Tofsrud and the prosecutor that related to the CI's arrest and its impact on pending cases. By virtue of their working relationship, Tofsrud was able to enter the prosecutor's office casually and without advance notice. *See Barone*, 902 F.3d at 1100–01 (concluding that a police officer spoke as a public employee in part because she had access to a community event "by virtue of her position"). Tofsrud worked with CIs in the course of his role, and he had worked with the individual in question for two years. Further, Tofsrud asked for and received his supervisor's endorsement before approaching the prosecutor. *Cf. Dahlia v. Rodriguez*, 735 F.3d 1060, 1075 (9th Cir. 2013) (en banc) (explaining that speech "in direct contravention to" a supervisor's orders suggests that the employee spoke as a private citizen). Finally, it is undisputed that Tofsrud's

speech to the prosecutor touched only on his CI's arrest rather than any broader concerns related to the Patrol Anti-Crime Team. Thus, neither Tofsrud's privately held systemic concerns nor any failure to follow the chain of command can "transform" his speech into that of a private citizen versus a public employee. *See Barone*, 902 F.3d at 1100.

2. Summary judgment was properly granted on Tofsrud's defamation claim under Washington law. Tofsrud acknowledges that the police chief's communication to the prosecutor's office was privileged, and he has failed to make out a prima facie case of abuse of privilege. *See Moe v. Wise*, 989 P.2d 1148, 1157 (Wash. Ct. App. 1999). The minor shift in language in the letter of reprimand is insufficient to meet Tofsrud's burden to "show by clear and convincing evidence [the police chief's] knowledge of falsity or his or her reckless disregard as to the falsity of a statement." *See Kauzlarich v. Yarbrough*, 20 P.3d 946, 952 (Wash. Ct. App. 2001).

**AFFIRMED.**